IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-15-65-GF-BMM |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| JACOB FINLEY, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Finley of violating his conditions of supervised release by 1) being charged with Domestic Abuse for punching his girlfriend in the mouth, 2) admitting on September 5, 2017 to consuming marijuana three separate times over the previous week, 3) admitting on September 5, 2017 to consuming methamphetamine on September 4, 2017, 4) failing to appear for substance abuse treatment on August 30, 2017, and 5) failing to appear for substance abuse testing on August 28, 2017. Mr. Finley admitted to violations 2 through 5, but denied alleged violation 1. His supervised release should be

revoked, and he should be sentenced to four months in custody, with seventeen months of supervised release to follow, with the first two months spend in an inpatient drug treatment center as set forth by the Probation Office.

## II.  Status

Mr. Finley pleaded guilty to False Information and Hoaxes on December 2, 2015.  (Doc. 27).  United States District Judge Brian Morris sentenced him to sixteen months in custody, with twenty-four months of supervised release to follow, on March 17, 2016.  (Doc. 36).

The United States Probation Office filed a Report on Offender Under Supervision on February 16, 2017, notifying the Court that Mr. Finley used methamphetamine.  (Doc. 40).  Judge Morris allowed him to continue his supervised release.

The Probation Office filed a second Report on Offender Under Supervision on March 9, 2017, notifying the Court that Mr. Finley used methamphetamine and marijuana.  (Doc. 41).  Judge Morris allowed him to continue his supervised release.

The Probation Office filed a Petition for Warrant for Offender Under Supervision on March 23, 2017, accusing Mr. Finley of violating the conditions of his supervised release by failing to report for substance abuse treatment, failing to report for substance abuse testing, failing to report to his probation officer, and

failing to maintain employment. (Doc. 43). On June 15, 2017, after several continuances, Mr. Finley was sentenced to three months custody with twenty-one months of supervised release to follow. (Doc. 58). Mr. Finley began his current term of supervised release on June 27, 2017.

On August 29, 2017, a Report on Offender Under Supervision was filed with the Court stating Mr. Finley had been using methamphetamine again and had failed to report to his probation officer. (Doc. 60). Mr. Finley was allowed to remain in the community to work on his recovery issues.

**Petition**

The Probation Office filed a Petition for Warrant for Offender Under Supervision on March 23, 2017, accusing Mr. Finley of violating the conditions of his supervised release. (Doc. 61). The Petition alleges that on September 5, 2017, Mr. Finley was arrested by the Blackfeet Police Department and charged with Domestic Abuse for punching his girlfriend in the mouth. The Petition also alleges Mr. Finley admitted on September 5, 2017 to consuming marijuana three separate times over the previous week. Also, the Petition alleges Mr. Finley admitted on September 5, 2017 to consuming methamphetamine on September 4, 2017. The Petition further alleges Mr. Finley failed to appear for substance abuse treatment on August 30, 2017, and also that he failed to appear for substance abuse testing on August 28, 2017. (*Id.*) Based on the allegations in the Petition, Judge Morris

issued a warrant for his arrest.  (Doc. 62).

**Initial appearance**

Mr. Finley appeared before the undersigned for an initial appearance on October 11, 2017, in Great Falls, Montana.  Federal Defender Hank Branom accompanied him at the initial appearance.  Assistant United States Attorney Jeffery Starnes represented the United States.

Mr. Finley said he had read the petition and understood the allegations.  He waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Finley denied that he had committed Domestic Abuse as set out in violation 1.  The United States did not put on any evidence regarding violation 1, and has therefore not met its burden with respect to that violation.  Mr. Finley admitted to violations 2, 3, 4, and 5.  The violations are serious and warrant revocation of his supervised release.

Mr. Finley's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class D felony.  He could be incarcerated for up to twenty-four months.  He could be ordered to remain on supervised release for twenty-one months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Branom stated that Mr. Finley was clearly suffering from an addiction, and recommend a sentence of time served in tribal custody. Mr. Finley exercised his right of allocution and stated that he would do whatever the Court wanted as far as punishment, and stated he is constantly discouraged and frustrated by his home environment. Mr. Starnes recommended a sentence of four months with treatment to follow, noting that Mr. Finley's previous revocations involved drug use as well.

### III.  Analysis

Mr. Finley's supervised release should be revoked because he admitted to violating its conditions. He should be sentenced to sentenced to four months in custody, with seventeen months of supervised release to follow, with the first two months to be spent in an inpatient treatment center as set forth by the Probation Office. This sentence would be sufficient but not greater than necessary given the serious violation of the Court's trust.

### IV.  Conclusion

Mr. Finley was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Jacob Finley violated the conditions of his supervised release by 1) admitting on September 5, 2017 to consuming marijuana three separate times over the previous week, 2) admitting on September 5, 2017 to consuming methamphetamine on September 4, 2017, 3) failing to appear for substance abuse treatment on August 30, 2017, and 4) failing to appear for substance abuse testing on August 28, 2017.

The Court **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Finley's supervised release and committing him to the custody of the United States Bureau of Prisons for three months in custody, with seventeen months of supervised release to follow, with the first two months to be spent in an inpatient treatment center as set forth by the Probation Office.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 13th day of October, 2017.

_____
John Johnston
United States Magistrate Judge