IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-15-65-GF-BMM |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| JACOB FINLEY, | |
| Defendant. | |

## I.  Synopsis

The United States accused Mr. Finley of violating his conditions of supervised release by failing to complete a program of substance abuse treatment. Mr. Finley admitted to the violation.  His supervised release should be revoked, and he should be sentenced to seven months in custody, with no supervised release to follow.

## II.  Status

Mr. Finley pleaded guilty to False Information and Hoaxes on December 2, 2015.  (Doc. 27).  United States District Judge Brian Morris sentenced him to sixteen months in custody, with twenty-four months of supervised release to follow, on March 17, 2016.  (Doc. 36).

The United States Probation Office filed a Report on Offender Under

Supervision on February 16, 2017, notifying the Court that Mr. Finley used methamphetamine.  (Doc. 40).  Judge Morris allowed him to continue his supervised release.

The Probation Office filed a second Report on Offender Under Supervision on March 9, 2017, notifying the Court that Mr. Finley used methamphetamine and marijuana.  (Doc. 41).  Judge Morris allowed him to continue his supervised release.

The Probation Office filed a Petition for Warrant for Offender Under Supervision on March 23, 2017, accusing Mr. Finley of violating the conditions of his supervised release by failing to report for substance abuse treatment, failing to report for substance abuse testing, failing to report to his probation officer, and failing to maintain employment.  (Doc. 43).  On June 15, 2017, after several continuances, Mr. Finley was sentenced to three months custody with twenty-one months of supervised release to follow.  (Doc. 58).  Mr. Finley began his current term of supervised release on June 27, 2017.

On August 29, 2017, a Report on Offender Under Supervision was filed with the Court stating Mr. Finley had been using methamphetamine again and had failed to report to his probation officer.  (Doc. 60).  Mr. Finley was allowed to remain in the community to work on his recovery issues.

The Probation Office filed a Petition for Warrant for Offender Under

Supervision on September 14, 2017, accusing Mr. Finley of violating the

conditions of his supervised release by committing a domestic abuse, consuming

marijuana and methamphetamine, and failing to appear for substance abuse testing

and treatment.  (Doc. 61).   Mr. Finley was sentenced to four months custody, with

seventeen months of supervised release to follow.  (Doc. 71).  Mr. Finley began his

current term of supervised release on January 4, 2018, at Connections Corrections

in Butte, Montana.

### Petition

On February 21, 2018, the Probation Office filed a Petition for Warrant for

Offender Under Supervision alleging that Mr. Finley had violated the terms of his

supervised release.  The petition alleged that Mr. Finley was terminated from his

substance abuse treatment program at Connections Corrections on February 21,

2018, for being disruptive.  The petition cited to a report from Mark Dennehy, a

licensed addictions counselor at Connections Corrections and Mr. Finley's unit

supervisor.  The report stated that Mr. Finley had received two class three incident

reports, had gone into another client's room and taken that client's chair, and had

demonstrated a disruptive "prison mentality."  Furthermore, the report stated that

after a verbal altercation on February 18, 2018, which Mr. Finley stood behind one

of the persons in the altercation in a threatening manner, he was placed in a holding

cell for his safety, at which time he acted out by screaming, destroying a pillow,

and blocking the HVAC system with toilet paper.  (Doc. 73).  Based on the

allegations in the Petition, Judge Morris issued a warrant for his arrest.  (Doc. 74).

**Initial appearance**

Mr. Finley appeared before the undersigned for an initial appearance on

February 27, 2018, in Great Falls, Montana.  Federal Defender Hank Branom

accompanied him at the initial appearance.  Assistant United States Attorney Jared

Cobell represented the United States.

Mr. Finley said he had read the petition and understood the allegations.  He

waived the preliminary hearing, and the parties consented to proceed with the

revocation hearing before the undersigned.

**Revocation hearing**

Mr. Finley admitted that he had been terminated from the substance abuse

program, but denied all of the underlying conduct associated with his termination.

The United States requested time to prove said underlying conduct, and an

evidentiary hearing was set for a later date.

At the subsequent evidentiary hearing on March 12, 2018, the United States

put on Mark Dennehy and Ray Hoffenbacker as witnesses.  Mr. Finley, represented

by Federal Defender Tony Gallagher, did not present any evidence at the hearing,

but argued the conduct was not as serious as the witnesses made it out to be.

Based on the admissions and the evidence presented, the Court finds that

Mr. Finley has failed to complete his required program of substance abuse treatment.  The violation is serious and warrants revocation of his supervised release.

Mr. Finley's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class D felony.  He could be incarcerated for up to twenty-four months.  He could be ordered to remain on supervised release for seventeen months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Gallagher recommended a sentence of seven months with no supervised release to follow, stating that Mr. Finley's goal was not to have to come back to court, and that he needed another swing at treatment.  Mr. Finley exercised his right of allocution and stated that the whole experience had upset him, and that he believes that people don't trust him because of his criminal history.  He stated that he did not do what was alleged in the report, but that he was being judged for being a criminal and not for his conduct.  Mr. Cobell recommended a sentence of seven months with the full term of supervised release to follow, noting that Mr. Finley still was refusing to take responsibility for his actions.

### III.  Analysis

Mr. Finley's supervised release should be revoked because he admitted to violating its conditions. He should be sentenced to sentenced to seven months in

custody, with no term of supervised release to follow. This sentence would be sufficient but not greater than necessary given the serious violation of the Court's trust.

## IV. Conclusion

Mr. Finley was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Jacob Finley violated the conditions of his supervised release by failing to complete a program of substance abuse treatment.

The Court **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Finley's supervised release and committing him to the custody of the United States Bureau of Prisons for seven months in custody, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 26th day of March, 2018.

John Johnston
United States Magistrate Judge